FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 25, 2019

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    4:15-CR-6049-EFS-16 |
| Plaintiff, | |
| v. | **ORDER DENYING RECONSIDERATION OF SANCTIONS** |
| EDGAR OMAR HERRERA FARIS | |
| Defendant. | |

Before the Court is Peter Schweda's "Motion for Reconsideration or, in the Alternative, for a Show Cause Hearing," ECF No. 1271. Mr. Schweda moves the Court for an order reconsidering its Order Imposing Sanctions, ECF No. 1268. Mr. Schweda states that he was not provided adequate notice nor an opportunity to be heard prior to the Court imposing sanctions. *See generally* ECF No. 1272.[1] He requests that the Court reconsider its findings of bad faith, but he does not seek return of the $100.00 sanction that he paid. *Id.* at 8. Alternatively, he requests a show cause hearing. *Id.* For the reasons that follow, the Court denies Mr. Schweda's Motion.

---

[1]    Mr. Schweda's Motion is docketed as ECF No. 1271. However, the Court will cite to Mr. Schweda's praecipe, ECF No. 1272, throughout this Order because it contains Mr. Schweda's exhibits.

# I.    FACTUAL BACKGROUND[2]

Defendant Edgar Omar Herrera Farias was arraigned on the Second Superseding Indictment on December 15, 2016. ECF No. 181. On August 22, 2017 Peter Schweda was appointed to represent Defendant. ECF No. 504. The Court entered a series of amended case management orders, and the reciprocal discovery deadline was ultimately set for January 30, 2018. ECF No. 532. The pretrial motions deadline was set for February 6, 2018 and trial was set for October 10, 2018. ECF Nos. 532 & 740.

On August 29, 2018 and September 4, 2018 Mr. Schweda provided 12 exhibits to the Government that Defendant intended to admit at trial. ECF No. 899. The proposed exhibits were almost entirely in Spanish and no English translations were provided. ECF No. 899-1 at 1–42. The Government objected to the admission of the evidence as tardy. ECF No. 899 at 3. On September 17, 2018, the day before the final pretrial conference, Mr. Schweda filed two untimely motions that pertained to evidence he had received in November 2017. *See* ECF Nos. 894 & 896.

At the pretrial conference on September 18, 2018, the Court stated its concern that Mr. Schweda had intentionally violated the Court's Case Management Order to gain a strategic advantage for his client. The Court advised Mr. Schweda that it was considering monetary sanctions. The Court then heard arguments from the Government and Mr. Schweda. Mr. Schweda argued that his untimeliness was unintentional and he simply overlooked the relevant reports that the Government

---

[2]    For a more detailed explanation of the factual background, see ECF No. 1268.

provided to him in November 2017. The Court stated that it would take the matter under further advisement before deciding whether to sanction Mr. Schweda. Ultimately, Defendant pled guilty the morning of trial. ECF No. 991.

At Defendant's scheduled sentencing on April 10, 2019, the Court again addressed the possibility of monetary sanctions.[3] Mr. Schweda requested time to submit a formal response to the Court and the Court granted him leave to do so. That afternoon, Mr. Schweda filed a "Response to Notice of Sanctions," ECF No. 1222, which the Court took into consideration. The response mirrored the arguments Mr. Schweda made at the September 18, 2018 pretrial conference. On May 23, 2019, the Court filed its Order Imposing Sanctions, requiring Mr. Schweda to pay $100 to the Registry of the Court. ECF No. 1268. Mr. Schweda has paid the $100 sanction.

## II. APPLICABLE LAW AND ANALYSIS

### A. Mr. Schweda received ample notice and an opportunity to be heard.

Mr. Schweda was given ample notice of the Court's intent to sanction him. *United States v. Tillman*, 756 F.3d 1144, 1152 (9th Cir. 2014) (citations omitted) (in order for the Court to sanction an attorney "procedural due process requires notice and an opportunity to be heard"). Mr. Schweda states that he was "unaware" of the Court's basis for sanctioning him until the Court issued its Order Imposing Sanctions in May 2019. ECF No. 1272 at 1. However, the Court gave Mr. Schweda

---

[3] Defendant was not sentenced on April 10, 2019 because he informed the Court that he intended to withdraw his guilty plea. That same day, the Court also granted Mr. Schweda's oral motion to withdraw as Defendant's attorney. Mr. Schweda's removal from the case was not based on his conduct that warranted sanctions. His removal was based on an entirely separate and irreconcilable conflict of interest.

notice at the September 18, 2018 pretrial conference when the Court stated that it was considering monetary sanctions based on its concern that Mr. Schweda had intentionally violated the Court's Case Management Order to gain a strategic advantage for his client. Further, Mr. Schweda addressed the Court's concern in his "Response to Notice of Sanctions," filed on April 10, 2019. Specifically, he stated "this response is presented to the Court's statement that it intended to sanction the undersigned for intentionally filing a late motion to suppress evidence in order to gain a tactical advantage at trial." ECF No. 1222. Therefore, Mr. Schweda had adequate notice of the Court's intent to sanction him.

Mr. Schweda was also given multiple opportunities to be heard. *Tillman*, 756 F.3d at 1152 (citations omitted). The Court first heard oral arguments from Mr. Schweda at the September 18, 2018 pretrial conference as to why his motions were filed late. He then had seven months to file any briefing on the issue before the Court again reminded Mr. Schweda of its intent to sanction him at the April 10, 2019 sentencing hearing.[4] At the sentencing hearing, the Court granted Mr. Schweda additional time file his "Response to Notice of Sanctions,"[5] based on his assertion that he had written a brief on the issue but not yet filed it. The Court reviewed his

---

[4]   Although the Court did not conduct a separate evidentiary hearing, the Court did not need to do so. *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue."). *See also Baldwin Hardware Corp. v. FrankSu Enter. Corp.*, 78 F.3d 550, 562 (Fed. Cir. 1996) (finding no due process violation for sanctions issued sua sponte after seven-week trial, where attorney had notice of court's displeasure and opportunity to respond during trial and after court proposed sanctions; no separate hearing on sanctions was required).

[5]   *Pac. Harbor Capital, Inc.*, 210 F.3d at 1118 ("The opportunity to brief the issue fully satisfies due process requirements").

Response to Notice of Sanctions before issuing its Order Imposing Sanctions. The Court has now reviewed Mr. Schweda's Motion for Reconsideration, ECF No. 1272, where he asserts many of the same arguments that his untimeliness was unintentional. Accordingly, Mr. Schweda has had an adequate opportunity to be heard.

**B.    The Court declines to reconsider its findings of bad faith or hold an additional hearing.**

The Court declines to reconsider its findings of bad faith, as it already considered applicable Ninth Circuit caselaw concerning "bad faith" sanctionable behavior. Mr. Schweda cites to *Fink v. Gomez* and argues that in order to be sanctioned his actions must have been "substantially motivated by vindictiveness, obduracy or mala fides." ECF No. 1272 at 3 (citing *Fink v. Gomez*, 239 F.3d 989. 992 (9th Cir. 2001)). The Court applied *Fink* in its Order Imposing Sanctions. ECF No. 1268 at 4. Bad faith exists "if counsel's goal was to gain an advantage" over their case. *Fink*, 239 F.3d at 992. For the reasons the Court stated in its Order Imposing Sanctions, the Court believed Mr. Schweda intentionally violated the Court's Case Management Order to gain an advantage for his client. *See generally* ECF No. 1268. Therefore, reconsideration or an additional hearing is unnecessary.

The Court does not find Mr. Schweda's additional arguments convincing. Mr. Schweda again asserts that his untimeliness was a mistake. He points to his billing records as evidence to show he did not begin work on his untimely Motion to Suppress until September 13, 2018. ECF No. 1272 at 4. However, these billing

records are self-reported and therefore unpersuasive. The Court declines to hold an additional hearing or reconsider Mr. Schweda's sanctions.

Mr. Schweda argues that the Court impermissibly "relied on a subjective observation that [he] was glib and not telling the truth." However, the Court may make credibility determinations based on Mr. Schweda's demeanor. *See Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) ("We give 'special deference' to a credibility determination that is based on demeanor."). *See also Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1250 (11th Cir. 2007) ("A determination of a lawyer's bad faith is particularly sensitive to demeanor and other intangible cues often not reflected in a transcript."); *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir.1997) ("The district court has 'broad fact-finding powers' with respect to sanctions, and its findings warrant 'great deference'."). Therefore, the Court declines to hold an additional hearing or reconsider Mr. Schweda's sanctions.

Finally, Mr. Schweda argues that it was the Government's lack of preparation that prejudiced the Government, but the Government's actions play no role in Mr. Schweda's sanctions. *Primus Auto. Fin. Servs., Inc.*, 115 F.3d at 650 (noting that sanctions should be based solely on the sanctioned attorney's "own improper conduct without considering the conduct of the parties or any other attorney"). Therefore, the Court declines to compel the Government to appear for testimony at an evidentiary hearing.

# III.  CONCLUSION

In conclusion, Mr. Schweda had ample notice and an opportunity to be heard, as procedural due process requires. *Tillman*, 756 F.3d at 1152 (citations omitted). The Court declines to reconsiders its findings of bad faith or to hold an additional evidentiary hearing. Therefore, the Court denies Mr. Schweda's Motion.

**IT IS HEREBY ORDERED:**

    1.  Mr. Schweda's "Motion for Reconsideration or, in the Alternative, for a Show Cause Hearing," **ECF No. 1271**, is **DENIED.**

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this  25th  day of June 2019.


<u>     s/Edward F. Shea     </u>
EDWARD F. SHEA
Senior United States District Judge